# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 97-4375

_____

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of South Dakota. |
| Syed Y. Huq, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: August 7, 1998
Filed: August 14, 1998

_____

Before WOLLMAN, HANSEN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

After a jury found Syed Y. Huq guilty of embezzlement and theft of travel monies exceeding $1,000 of an Indian Tribal Organization, in violation of 18 U.S.C. § 1163, the district court[1] sentenced him to two years probation and imposed a $4,000 fine. Huq appeals his conviction, arguing that the evidence was insufficient to satisfy the $1,000 statutory threshold to support a felony conviction. He thus requests that the case be remanded for entry of a misdemeanor conviction. We affirm.

_____

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

We will reverse a conviction for insufficient evidence only when we conclude that no reasonable juror could find guilt beyond a reasonable doubt, and we review the evidence in the light most favorable to the government and accept all reasonable inferences supporting the verdict.  See United States v. Behr, 33 F.3d 1033, 1035 (8th Cir. 1994).  Section 1163 makes it a criminal offense for any person to embezzle, steal, knowingly convert to his use, or willfully misapply any monies belonging to an Indian tribal organization; a person who commits such an offense may be imprisoned no more than five years and/or fined, "but if the value of such property does not exceed the sum of $1,000," the person may be fined and/or imprisoned no more than one year.  Thus, a person embezzling less than $1,000 is guilty of a misdemeanor, see 18 U.S.C. § 3559(a)(6) (offense with maximum term of imprisonment of one year or less but more than six months is Class A misdemeanor), whereas one who embezzles more than $1,000 is guilty of a felony, see 18 U.S.C. § 3559(a)(4) (offense with maximum term of imprisonment of less than ten years but five or more years is Class D felony).  For purposes of the words "knowingly convert" in section 1163, the "knowing and unauthorized exercise of dominion over another's property, though possession is wrongful in the inception, is no less a conversion than is the knowing and unauthorized exercise of dominion over another's property after possession is lawfully obtained."  See United States v. Wilkinson, 124 F.3d 971, 976-77 (8th Cir. 1997), cert. denied, 118 S. Ct. 1089 (1998).

We conclude that the evidence was sufficient to support Huq's conviction for a felony, because it allowed the jury to find the following.  Huq received from the tribal organization in question approximately $3,400 as travel advances to attend two conferences in Flagstaff, Arizona, in 1996, and one conference in Warrenton, Virginia, also in 1996.  Huq prepared travel expense forms following each trip, purporting to substantiate his claim to these funds.  Along with the travel expense forms, he submitted false hotel receipts which concealed the fact that the conference sponsors had paid for his lodging.  In addition, the Flagstaff conference's sponsor paid Huq per diem and other related expenses, as well as his airfare for both trips, for which the tribe

had also advanced Huq monies. Further, Huq was paid an honorarium for lecturing during the first Flagstaff trip, which he did not remit to the tribe as required.

Huq contends here, as he did below, that he acted in good faith as to the two Flagstaff trips, because in a 1993 letter the tribe's former president indicated that, as to a Flagstaff workshop to which Huq had been invited, Huq could retain expenses reimbursed to him by the conference sponsor as well as by the tribe. The jury, however, was instructed that the government had to prove Huq acted knowingly, and we believe the government satisfied this burden. The jury could have reasonably found Huq acted knowingly based on evidence that he falsified receipts for all three trips, thus acting no differently following the two Flagstaff trips--as to which he contends he had permission to retain the sponsoring institute's reimbursements--than he did following the Warrenton trip. The jury also heard evidence that Huq never brought the 1993 letter to the tribal finance office's attention in claiming his expenses, or to an investigating federal agent's attention; that the 1993 letter was for one 1993 workshop; and that Huq would not have been able to keep the travel advances if the exhibits had not been falsified.

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-